IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC F. LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | 8:08CV396 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STATE OF NEBRASKA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Eric F. Lewis challenges his prosecution for murder in a Petition for Writ of Habeas Corpus. (Filing 1.[1])  Despite the fact that Lewis was given an opportunity to voluntarily dismiss this case because his claims were premature, Lewis has done nothing. (Filing 10 (giving Petitioner until December 1, 2008 to voluntarily dismiss his petition).)  Hearing nothing from Lewis, I proceeded to conduct an initial review of this case and found that Lewis alleged four claims that should be allowed to proceed subject to whatever defenses the Respondent might assert. (Filing 13.) After that, Respondent filed the state court records (filing 14) and a motion for summary judgment (filing 15) and a brief (filings 16 and 18).  Among other things, that motion raised the failure to exhaust.  Lewis has not responded to the motion for summary judgment.

Lewis has now been convicted of murder, but he has not yet appealed his conviction or otherwise sought relief in the courts of Nebraska to attack his conviction.   Accordingly, he has not given the Nebraska courts an opportunity to consider his claims.  It appears that he still has the opportunity to present his claims to the Nebraska courts.  With exceptions that do not apply here, the relevant federal statute states that an "application for writ of habeas corpus on behalf of a person in

---

[1]Subsequent to filing this action, Lewis was convicted of second degree murder on January 12, 2009.  (Filing 14-2 at CM/ECF p. 22.)

custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1)(A).  Since Lewis has not exhausted his state remedies, a dismissal without prejudice is required.[2]

IT IS ORDERED that:

1.       Respondent's motion to file a corrected brief (filing 17) is granted.

2.       Respondent's motion for summary judgment (filing 15) is granted but only as provided herein.   This case is dismissed without prejudice.

2.       A separate judgment will be issued.

DATED this 1st day of June, 2009.

BY THE COURT:

s/Richard G. Kopf
United States District Judge

---

[2]The Respondent seeks a dismissal with prejudice.   No authority is cited for such an action and I do not believe a dismissal with prejudice is appropriate in a case like this one.  However, I make no determination about whether a subsequent habeas corpus action will be barred for some other reason.