IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC F. LEWIS, | ) | 8:08CV396 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Notice of Appeal (filing no. 22) and Motion for Leave to Appeal in Forma Pauperis (filing no. 23). On June 1, 2009, the court dismissed Petitioner's habeas corpus claims without prejudice and entered judgment against him. (Filing Nos. 19 and 20.) Seventy days later, on August 10, 2009, Petitioner filed a Notice of Appeal of the court's Judgment. (Filing No. 22.)

    Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," (i.e., within 30 days after expiration of the appeal deadline); and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

    In this matter, Petitioner did not seek an extension of the time in which to file a notice of appeal. (*See* Docket Sheet.) Regardless, an extension under Rule 4 would still be appropriate, provided that the requisite showing of excusable neglect or good

cause has been made. The Eighth Circuit has clarified "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Lowry, 211 F.3d at 462 (citation and quotation omitted).

Here, Petitioner's Notice of Appeal does not address the fact that it was not timely filed. Petitioner completely ignores the issues of excusable neglect or good cause. Petitioner has not stated any reason for his failure to file a timely notice of appeal and therefore has not shown the court that his failure is for good cause or as a result of excusable neglect. The court does not have discretion to extend the time for filing a notice of appeal absent a showing by the party seeking to appeal. Fed. R. App. P. 26(b) ("[T]he court may not extend the time to file [] a notice of appeal (except as authorized in Rule 4). . . .") As such, Petitioner's Notice of Appeal (filing no. 22) is untimely and is therefore invalid. Accordingly, Petitioner's Motion for Leave to Appeal in Forma Pauperis (filing no. 23) is denied as moot.

IT IS THEREFORE ORDERED that:

1. Petitioner's Notice of Appeal (filing no. 22) is untimely.

2. Petitioner's Motion for Leave to Appeal in Forma Pauperis (filing no. 23) is denied as moot.

3. The Clerk of the court shall not process the appeal to the Court of Appeals.

October 6, 2009.    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.