IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC F. LEWIS, | ) | 8:08CV396 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

      This matter is before the court on Petitioner Eric Lewis' ("Lewis") Motion for Rehearing (filing no. 27), Motion for Summary Judgment (filing no. 28), and Motion for Recusal (filing no. 29).  While the relief sought by Lewis is unclear, the court liberally construes his Motions for Rehearing and Summary Judgment together as a Motion for Reconsideration.

### *I.  MOTION FOR RECUSAL*

      Lewis' Motion for Recusal is difficult to comprehend.  The overall message appears to be that the undersigned judge should recuse himself because he has engaged in various acts of negligence and racial animus that have deprived Lewis of his constitutional rights.  (Filing No. 29.)

      The court has carefully reviewed Lewis' Motion and determined that his assertions are unfounded.  In accordance with 28 U.S.C. 455(a), the court finds that there is nothing indicating that the undersigned judge's "impartiality might reasonably be questioned" or that there is any other basis for recusal or reassignment in this matter.  Accordingly, Lewis' Motion for Recusal (filing no. 29) is denied.

## II. MOTION FOR RECONSIDERATION

Lewis' Motion for Reconsideration is difficult to decipher. As best as the court can tell, Lewis seeks reconsideration of the court's June 1, 2009, Memorandum and Order (filing no. 19) and Judgment (filing no. 20), in which the court dismissed Lewis' habeas corpus claims without prejudice for failure to exhaust his state court remedies and entered judgment against him.

Lewis' Motion for Reconsideration was not timely filed. The Motion was filed on October 6, 2009, over four months after the court filed its June 1, 2009, decision. (*See* Filing Nos. 27 and 28.) As set forth in the court's Local Rules, "a party must file a motion for reconsideration within 14 days after the court files the order, unless the party shows good cause for a later filing." NeCivR 60.1(b). Lewis has not provided the court with any reason, let alone "good cause," for his late filing. Accordingly, his Motion for Reconsideration is denied.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Recusal (filing no. 29) is denied.

2. Petitioner's Motion for Reconsideration (filing nos. 27 and 28) is denied.

November 18, 2009.        BY THE COURT:

*Richard G. Kopf*
United States District Judge